IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERISOURCEBERGEN DRUG : 
CORPORATION f/k/a BELLCO : 
GENERICS, : 
       :
      Plaintiff, :
       :
v. :     CIVIL ACTION NO.
       :     1:24-cv-2741-AT
CHAMPIONS PHARMACY LLC and :
PRINCE O. WALKER, :
       :
      Defendants. :
       :
       :
       :

## ORDER

In this breach-of-contract action, Default was entered against Defendant Prince O. Walker after he failed to answer or respond to Plaintiff's Complaint. Mr. Walker now moves to set aside the Clerk's entry of default and for leave to file an out-of-time response. [Doc. 15]. But since Mr. Walker has not established good cause in support of his Motion, the Motion is **DENIED**.

## I.   Background

Plaintiff AmerisourceBergen Drug Corporation filed this lawsuit against Champions Pharmacy, LLC and its owner, Prince O. Walker, on June 21, 2024. (Doc. 1). The Complaint alleges that Mr. Walker is the sole member of the defendant limited liability company and that Mr. Walker executed a personal

guaranty of all of Champions Pharmacy's payment obligations under the parties' Credit Application & Agreement. (*Id.* ¶¶ 2, 14).

Plaintiff claims that Champions Pharmacy breached the Agreement by failing to timely pay for products that it purchased from Plaintiff. *See* (*id.* ¶ 17). Thus, it wishes to hold Defendants jointly and severally liable for the debts owed to Plaintiff under the Agreement. (*Id.* ¶¶ 18, 20).

Champions Pharmacy was served on June 28, 2024 at its principal office address on Princeton Lakes Way in Atlanta, Georgia.[1] (Doc. 4). It answered the Complaint on July 19, 2024. (Doc. 5). On September 12, 2024, Plaintiff moved for permission to serve Mr. Walker by publication or, in the alternative, for an extension of time to effect service. (Doc. 8).

The motion explained that despite repeated efforts, Plaintiff had been unable to effect service on Mr. Walker. A declaration by process server Julius Velasquez states that between June 26 and July 11, 2024, he tried to serve Mr. Walker four times—once at Mr. Walker's purported residence, twice at Champions Pharmacy's principal office address, and once at another pharmacy location. *See* (Velasquez Del., Doc. 8 at ECF 8–10). On July 26, Mr. Velasquez again attempted to serve Mr. Walker at Champions Pharmacy's principal office address, and "was informed by the manager that [Mr. Walker] was not available but scheduled to

---

[1] This is the "Principal Office Address" Champions Pharmacy provided to the Georgia Secretary of State.

arrive after 2 P.M." (*Id.* ¶ 9). Yet when Mr. Velasquez returned at 3:15 P.M., he was told that Mr. Walker "was not available." (*Id.*).

Four days later, the same sequence unfolded. On the morning of July 30, Mr. Velasquez tried to serve Mr. Walker at Champions Pharmacy's principal office address but was "informed by an employee that [Mr. Walker] was not available and scheduled to arrive after 3 P.M." (*Id.* ¶ 10). Yet when Mr. Velasquez returned at 3:45 P.M., he was told that Mr. Walker "was not available." *See* (*id.*). Mr. Velasquez made his last attempt to serve Mr. Walker at Champions Pharmacy's principal office address on August 12. *See* (*id.* ¶ 11). But as before, he "was informed by the manager that [Mr. Walker] was not available." (*Id.*).

After these service failures, Plaintiff asked defense counsel to accept service on Walker's behalf. *See* (Aug. 19, 2024 JPRDP, Doc. 7 at 9). But these efforts were also unsuccessful. Plaintiff's Motion for Alternative Service explained that "counsel for Champions has advised [Plaintiff] several times that he represents Walker, individually, but was not authorized to accept service of process" on his behalf. *See* (Doc. 8 at 2).

Accordingly, the Court granted Plaintiff's Motion for Alternative service and ordered that Mr. Walker be served by publication. (Doc. 9). On October 4, 2024, the Notice of Service by Publication was entered on the docket and mailed to the *South Fulton Neighbor* newspaper. (Doc. 10). Three days later, the Notice was mailed to Mr. Walker's last known address. (10/7/2024 Minute Entry). The Notice stated that Mr. Walker was required to file "an Answer to the Complaint within

3

sixty (60) days" of the Court's September 16, 2024 Order for Service by Publication. (Doc. 10-1). Thus, the deadline for Mr. Walker's answer was November 15, 2024.

But November 15 passed without Mr. Walker responding to the Complaint. And on November 26, 2024, Plaintiffs moved for the Clerk's entry of default against Mr. Walker under Federal Rule of Civil Procedure 55. (Doc. 12). The next day, default was entered against Mr. Walker. (Nov. 27, 2024 Minute Entry). Four and half hours after default was entered, Mr. Walker filed his Answer. (Doc. 14).

Two and a half months later, Mr. Walker moved to set aside the default on February 19, 2025. [Doc. 15]. He represents that he failed to timely respond to the Complaint because defense counsel miscalculated the deadline set by the Notice of Service by Publication. *See* [*id.* ¶¶ 5–6]. Yet Mr. Walker does not explain the 84-day delay between the entry of default and the filing of his Motion.

## II.    Legal Standard

Under Rule 55(a) of the Federal Rules of Civil Procedure, the district court clerk must enter a default when a party against whom relief is sought fails to "plead or otherwise defend" the claim. But Rule 55(c) provides that a "court may set aside [the clerk's] entry of default for good cause." Thus, a court may set aside an entry of default "if the defaulting party can provide a good reason for the district court to do so." *Afr. Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

District courts exercise their discretion to determine whether good cause exists under Rule 55(c). *See Compania Interamericana Exp.-Imp., v. Compania*

*Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). While "good cause" is "not susceptible to a precise formula," some nonexclusive factors courts commonly consider are (1) whether the default was culpable or willful, (2) whether setting it aside would prejudice the opposing party, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest is implicated, (5) whether there is significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct its default. *Perez v. Wells Fargo*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania*, 88 F.3d at 951.

"Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Compania*, 88 F.3d at 951 (citation omitted). But "if a party willfully defaults by displaying an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id*. at 951–52; *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

## III.  Discussion

Here, the Court concludes that Mr. Walker has not established good cause to set aside the entry of default. Since this litigation began, Mr. Walker's behavior has reflected an intentional or reckless disregard for these judicial proceedings. *See Compania*, 88 F.3d at 951–52. Although plaintiffs will sometimes have to make multiple attempts to locate and serve individual defendants, the circumstances of this case are notable.

5

During the month and a half after Champions Pharmacy was served, Mr. Walker eluded Plaintiff's eight[2] attempts to serve him, even after the company answered the Complaint. As Champions Pharmacy's owner, and the sole member of the LLC, Mr. Walker was no doubt aware of this lawsuit and that he was a named defendant. After all, Mr. Walker and Champions Pharmacy share counsel in this case, and Plaintiff made at least six attempts to serve Mr. Walker at Champions Pharmacy's principal office address—the address where the entity was successfully served.

The record thus reflects that Mr. Walker knew that he was a party to this lawsuit since at least July 2024. Yet he spent months willfully evading service of the Complaint, failed to file a timely response, and then inexplicably waited months after default was entered to move to set it aside. Viewed in totality, Mr. Walker's actions appear calculated to impose needless costs on Plaintiff and delay the administration of justice.

The Court recognizes that default is a generally disfavored remedy. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "However, in order for the judicial system to properly function, there are basic rules that have been established that must be followed." *Insituform Techs., Inc.*, 588 F. Supp. 2d at 1359. Ultimately, Mr. Walker was given ample opportunity to comply with the Court's orders and the relevant procedural rules. Thus, the default that resulted

---

[2] After Champions Pharmacy was served on June 28, 2024, Mr. Velasquez represents that he attempted to serve Mr. Walker on July 2, July 10, July 11, July 26 (twice), July 30 (twice), and August 12, 2024. *See* (Velasquez Decl., Doc. 8 at ECF 8–10).

from his pattern of noncompliance and delay is deemed willful. *See Compania*, 88 F.3d at 952.

## IV.    Conclusion

Accordingly, Defendants' Motion to Set Aside Default, [Doc. 15], is **DENIED**. The parties are **DIRECTED** to file a revised Joint Preliminary Report and Discovery Plan within **10 days** of this Order.

**IT IS SO ORDERED** this 9th day of June 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**